**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3812
_____

UNITED STATES OF AMERICA

v.

LANCE GARDENHIRE,
Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-15-cr-00087-001)
District Judge: Honorable Nora B. Fischer

_____

Submitted under Third Circuit L.A.R. 34.1(a)
April 30, 2019

_____

Before: RESTREPO, ROTH, and FISHER, *Circuit Judges*.

(Filed: November 19, 2019)

_____

OPINION[*]

_____

RESTREPO, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Lance Gardenhire conspired with his wife Lasean to launder money generated from heroin sales by purchasing and renovating their family home. Gardenhire pleaded guilty to drug conspiracy and conspiring to launder money. After accepting the plea, the District Court determined that the Gardenhires' home was subject to forfeiture and he appealed. His court-appointed appellate counsel contends that his appeal presents no nonfrivolous issues and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We will grant the motion and affirm the District Court's decision to forfeit the property.

I.

In July 2012, Lance Gardenhire and a friend began purchasing heroin from a source in New Jersey and selling it in Western Pennsylvania. By the time the conspiracy ended in May 2015, Gardenhire's trafficking organization was responsible for the distribution and sale of thousands of bricks of heroin.

In the fall of 2012, Lance and his wife Lasean purchased a house at 405 Zara Street in Pittsburgh for $21,900. On the day she executed the sales agreement, Lasean deposited a total of $20,000 into four separate accounts she maintained at two different banks. On the closing date, she deposited an additional $11,000 in three separate accounts. From the date of the purchase through 2014, Lance and Lasean spent at least $64,000 to renovate their home, raising the property's fair market value to $122,000.

Between 2012 and 2014, Lasean worked as a customer service representative, earning $23,323 in 2012, $37,678 in 2013, and $57,619 in 2014. Lance claimed he

earned legitimate income as a barber and event promoter, but provided no credible evidence to support this assertion. During the span of the conspiracy, Lance's co-conspirator would retrieve heroin from 405 Zara Street and deliver the profits of the sales to Lasean, who would walk inside the house with the bundles of cash.

Lance Gardenhire pleaded guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin and conspiracy to launder money. The District Court granted a downward variance from the advisory Guidelines range and sentenced him to 240 months imprisonment on each count, to be served concurrently. Pursuant to the terms of Lance's plea agreement, the only issue available for appeal was whether 405 Zara Street was subject to forfeiture.

After the plea but prior to sentencing, the District Court held an evidentiary hearing and determined the Government established grounds for forfeiting Lance's house. Lance's counsel filed an appeal on his behalf and a motion to withdraw as counsel, asserting that there are no viable grounds for appeal. We agree and affirm the decision of the District Court.

## II.

In deciding the motion to withdraw, we consider whether counsel's brief fulfills the *Anders* requirements and whether our independent review of the record reveals any nonfrivolous issues for appeal. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Counsel's brief must "(1) satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) . . . explain why the issues are frivolous."

*Id.* (citing *United States v. Marvin*, 311 F.3d 778, 780 (3d Cir. 2000). We review the District Court's findings of fact for clear error and exercise plenary review of the law as it was applied to those facts. *United States v. Lockett,* 406 F.3d 207, 211 (3d Cir. 2005); *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

The *Anders* brief satisfies us that all possible issues deriving from the forfeiture of the house are without merit. As the brief explains, the District Court found three separate bases for the forfeiture: (1) that the house was both "involved in" as well as "traceable to" a property involved in a money laundering offense, pursuant to 18 U.S.C. § 982(a)(1); (2) the house constituted a "substitute asset" for drug proceeds that had been laundered through Lasean's bank accounts and were no longer recoverable, under 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(p); and, (3) with regard to Lance's interest in the house, it was bought through and used to facilitate the selling of drugs, under 21 U.S.C. § 853(a)(1).

The evidentiary hearing record established that 405 Zara Street was bought and renovated during the timeframe of the drug-selling conspiracy and was used to store heroin and heroin proceeds, triggering the rebuttable presumption under Section 853(d) that the property was subject to forfeiture. The District Court found that Lance did not produce credible evidence to overcome the presumption, specifically rejecting the Gardenhires' proffers that cash gifts or Lance's legitimate income were used to purchase and renovate the home. We agree with counsel that challenging this credibility determination, which is not unreasonable and therefore entitled to great deference, does

4

not constitute a viable issue for an appeal. *U.S. ex rel. Russo v. State of N. J.*, 438 F.2d 1343, 1346 (3d Cir. 1971) ("A reasonable determination of credibility made by initial trier of fact must be given great deference."). *See also Atl. Limousine, Inc. v. NLRB*, 243 F.3d 711, 718-19 (3d Cir. 2001). The credibility determination is secondary to the fact that Lance conceded he spent heroin proceeds on renovating his house in post-hearing filings. We therefore agree with counsel that Lance could not raise a viable claim challenging the grounds for the forfeiture under 21 U.S.C. § 853(a)(1).

In Lance's *pro se* brief, he argues that the District Court erred in weighing the credibility of the witnesses, in determining he had the requisite intent to conceal funds, and by ignoring evidence of his legitimate income. These claims are without merit.

In deciding whether a property is subject to forfeiture, the Court must determine whether the Government established the requisite nexus between the property and the offense. *See* Fed. R. Crim. P. 32.2(b)(1)(A). The Court's decision to credit testimony describing how the Gardenhires laundered proceeds from the heroin conspiracy through Lasean's numerous bank accounts into the cash purchase of 405 Zara Street is all but unassailable on appeal. *United States v. Igbonwa*, 120 F.3d 437, 441 (3d Cir. 1997) ("When the district court's decision is based on testimony that is coherent and plausible, not internally inconsistent and not contradicted by external evidence, there can almost never be a finding of clear error.") Even assuming witnesses' hearing testimony did not establish the Gardenhires' intent to conceal funds, both Lance and Lasean admitted their intention to do so in their guilty plea colloquys, thereby conceding a nexus existed

5

between the property and the money laundering offense. Lance's claim that the Court ignored evidence of his legitimate income is meritless in light of the Government's evidence disproving any such income existed. Because the Court's finding that the house was not financed by legitimate wealth is supported by the record, no clear error occurred in finding forfeiture of the house. Fed. R. Civ. P. 52(a); *Cooper v. Tard*, 855 F.2d 125, 126 (3d Cir. 1988) (our review on appeal is limited to whether District Court's findings on disputed facts are supported by the record).

Given the facts unveiled at the hearing, which were supported in part by Lance's own admissions, we conclude the District Court had sufficient evidence before it to render the forfeiture of 405 Zara Street proper.

III.

Counsel's brief satisfies the requirements of *Anders*. Our independent review of the record confirms counsel's assessment that there are no nonfrivolous issues on appeal. Therefore, we will grant counsel's motion to withdraw and affirm the District Court's decision to find the Gardenhires' house forfeited.